UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MURR, on behalf of himself and all others similarly situated,<br><br>                                                  Plaintiff,<br><br>        v.<br><br>MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>                                                  Defendant. | Civil No.    11-cv-1362-BTM (POR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO QUASH SUBPOENA**<br><br>**[ECF No. 1]** |

Defendant Midland National Life Insurance Company ("Midland") filed a Motion to Quash a subpoena Plaintiff William Murr ("Murr") served on third-party Robbins Geller Rudman & Dowd LLP ("Robbins Geller") on June 17, 2011. (Doc. No. 1.) On July 5, 2011, Murr filed an Opposition. (Doc. No. 5.) On July 12, 2011, Midland filed a Reply. (Doc. No. 7.) The Court held a Discovery Hearing on July 18, 2011. For the reasons discussed at the hearing, and as stated below, the Court hereby GRANTS Defendant's Motion to Quash.

  1.    <u>Factual Background</u>.

A class action against Midland National Life Insurance Company relating to its deferred annuity contracts was filed in 2005 in the United States District Court for the Central District of California, entitled In re Midland National Life Insurance Co. Annuity Sales Practices Litigation, MDL No. CV-07-1825 CAS (MANx) ("MDL 1825"). During the litigation of that case, Midland produced voluminous documents concerning its annuity business. Many of the documents were produced pursuant to a protective order.

1    In August 2010, Plaintiff Murr brought a class action lawsuit in the United States District Court for the Southern District of Iowa alleging breach of contract regarding Midland's deferred annuity contracts. Discovery in the Murr action is ongoing.

On May 10, 2011, Murr served a subpoena issued from this Court on Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), one of the law firms that represented the plaintiffs in MDL 1825. The subpoena sought documents Midland produced in MDL 1825. On June 17, 2011, Midland filed a motion to quash the subpoena.

2.   <u>Discussion</u>.

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) and (iv) provide that, "[o]n timely motion, the issuing court must quash or modify a subpoena that: . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Rule 26(b)(2) also limits discovery when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . " Fed. R. Civ. P. 26.

Rule 45(c)(3)(B) of the Federal Rules of Civil Procedure states on motion, a subpoena may be quashed or modified "[t]o protect a person subject to or affected by a subpoena." Here, the subpoena seeks confidential and proprietary documents produced by Midland, so Midland is clearly affected by it. Because all of the documents requested through the subpoena are documents Midland produced in another litigation subject to a protective order, it clearly does have standing based upon its "personal right" and interest in the documents. *See Moon v. SCP Pool Corporation*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) and *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, No. RDB-08-3388, 2010 WL 1529195, *5-6 (D. Md. April 15, 2010).

The documents Plaintiff Murr seeks through the subpoena were produced pursuant to a protective order issued in MDL 1825. Plaintiff Murr also has outstanding document requests to Midland in the Iowa action. Given that Plaintiff Murr has not exhausted his remedies before the court in Iowa, the Court does not find that the production of documents from a third party that are subject to a protective order in another action is necessary at this time. The Court encourages Plaintiff Murr to seek relief from the assigned magistrate judge in the Iowa action if he asserts that

Midland's discovery responses are not reasonable.

In his opposition, Murr contends that the documents would be protected by the protective order entered in the Murr Action, which does apply to non-parties. However, his argument fails to take into account that his subpoena is unreasonably burdensome given that Murr may request the same documents being sought from Robbins Geller through discovery directed to Midland in the Murr Action, subject to normal discovery procedures and protections in place in his own action. Murr may request the documents directly from Midland without involving a third party that does not have the same interests as Midland in protecting the documents relating to its business practices and policyholders. The fact that there is a protective order in the Murr Action that may protect confidential information obtained from a non-party does not mean that information beyond what is within the scope of discovery as set forth in Rule 26 may be obtained by subpoena. Each party has the right to discover "any nonprivileged matter that is relevant to any party's claim for defense." Fed. R. Civ. P. 26(b)(1).

Accordingly, the Court hereby GRANTS Midland's motion to quash the subpoena dated May 10, 2011. This order is without prejudice to Plaintiff Murr's right to issue a further subpoena as may be appropriate.

**IT IS SO ORDERED.**

DATED: July 28, 2011

LOUISA S PORTER
United States Magistrate Judge

cc:   The Honorable Barry T. Moskowitz
      All parties